UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHILIP G. NERI,

       Petitioner,

v.

MID STATE, et al.,

       Respondents.

Civ. No. 13-4555 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 after the revocation of his parole placed him back in prison. On August 26, 2013, this Court administratively terminated this action as petitioner had neither paid the $5.00 filing fee nor submitted an application to proceed *in forma pauperis*. On September 23, 2013, petitioner paid the filing fee. Therefore, the Clerk will be ordered to reopen this action. For the following reasons, the habeas petition will be dismissed.

## II.    BACKGROUND

Petitioner challenges his parole revocation that took place in 2013 whereby petitioner was placed back into prison. Petitioner had been placed on parole for life following a June 22, 2007 conviction for endangering the welfare of children.

Petitioner claims that his parole revocation violated his right to due process as his special conditions for parole were vague and ambiguous. Petitioner also claims that his constitutional rights were violated due to a 142-day delay in his parole revocation proceeding. Furthermore, petitioner claims that a parole officer verbally assaulted him after he had passed two polygraph

1

tests. Petitioner failed a subsequent polygraph test due to the stress induced by this verbal assault. Finally, petitioner asserts that a parole officer lied under oath at petitioner's February 22, 2013 parole revocation hearing. Petitioner seeks immediate release from incarceration.

## III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV. DISCUSSION

Petitioner is attempting to attack his state parole revocation in this § 2241 habeas petition. Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody *pursuant to the judgment of a state court* . . . on the ground that he is in custody in

2

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), a Pennsylvania state prisoner filed habeas petitions pursuant to 28 U.S.C. §§ 2241 and 2254 which challenged a decision of the state parole board denying his application for release on parole. Ultimately, the Third Circuit determined that Coady must rely on § 2254 instead of § 2241. Indeed, the Third Circuit explained that:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . . The rationale for this cannon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." In the instant case, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

*Coady*, 251 F.3d at 484-85.

Petitioner's reliance on § 2241 is misplaced as § 2254 is the proper avenue for him to seek relief. *See DeVaughn v. Dodrill*, 145 F. App'x 392, 294 (3d Cir. 2005) (per curiam) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.") (citing *Coady*, 251 F.3d at 485); *Nelson v. Pa. Bd. of Probation and Parole*, No. 12-2321, 2013 WL 2481270, at *1-2 (M.D. Pa. June 10, 2013) (stating that courts have foreclosed a petitioner from filing a § 2241

petition challenging state parole revocation decisions); *Strother v. Nardolillo*, 583 F. Supp. 2d 645, 647 n. 6 (E.D. Pa. 2008) (noting that *Coady* "stands for the proposition that attacks on the constitutionality of a denial or revocation of state parole that do not attack a state conviction or sentence are properly brought under 28 U.S.C. § 2254 and NOT under 28 U.S.C. § 2241.") (emphasis in original). As petitioner raises this habeas petition improperly under § 2241, rather than § 2254, the instant habeas petition will be dismissed. It is worth noting that petitioner has a pending § 2254 petition before this Court that challenges his parole revocation. (*See* Civ. No. 13-3668.) Thus, this Court will not recharacterize the instant habeas petition as one filed under § 2254 as petitioner currently has a pending § 2254 petition that challenges his parole revocation.

## V.     CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed as the relief petitioner seeks is properly raised in a § 2254 petition rather than the instant § 2241 petition. An appropriate order will be entered.


DATED: February 6, 2014                                            s/Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge